IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 3:13-CR-236-M |
| JESSICA SALMERON, | |
| Defendant, | |
| and | |
| CREDIT UNION OF TEXAS and EXCALIBUR COLLISION CENTER, INC., | |
| Garnishees. | |

**AGREED**
**MOTION FOR FINAL ORDER OF GARNISHMENT**

The United States of America moves this Court, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act (FDCPA), to enter an Agreed Final Order of Garnishment against the substantial nonexempt property of Defendant-Judgment Debtor, Jessica Salmeron (Salmeron), and/or her spouse, Nicholas Anthony Salmeron, and in support states:

**BACKGROUND**

1.   Salmeron pled guilty to bank theft in violation of 18 U.S.C. § 2113(b). *See* Plea Agreement and Factual Resume (Dkt. Nos. 8 and 10).

2.   On May 28, 2014, this Court sentenced Salmeron and ordered her to pay restitution in the amount of $76,781.41, as required by the Mandatory Victim Restitution

Act (MVRA), 18 U.S.C. §§ 3663A-3664 (Dkt. No. 36). As of January 26, 2015, Salmeron owes an outstanding balance of $58,781.41.

3. To enforce this Court's judgment, the United States sought, obtained, and served Writs of Garnishment on Credit Union of Texas and Excalibur Collision Center, Inc. (Garnishees). The Writs attached to any of Salmeron's nonexempt property and rights to property subject to her criminal restitution judgment. (Dkt. Nos. 41-43).

4. Garnishees answered the writs stating whether they had any property belonging to or due Salmeron and/or his spouse in their possession, custody, or control as follows:

    a. Credit Union of Texas holds approximately $3,393 in regular shares jointly owned by Salmeron and her spouse, and approximately $35,000 in an IRA owned by her spouse (Dkt. No. 44);[1] and

    b. Excalibur Collision Center, Inc. holds weekly earnings due or owing to Salmeron's spouse (Dkt. No. 47).

5. Salmeron and her spouse each filed a Claim for Exemption and Request for Hearing regarding the IRA at Credit Union of Texas alleging that property to be her spouse's separate property acquired before they were married (Dkt. Nos. 46 and 50). Since then, the United States has reviewed records regarding that account and negotiated an agreed resolution with Salmeron and her spouse regarding the funds held by Credit Union of Texas.

---

[1] The United States previously released two jointly owned checking accounts from restriction. *See* Partial Termination of garnishment Proceedings (Dkt. No. 45).

**Agreed Motion for Final Order of Garnishment – Page 2**

6. The parties agree that account records establish that on the date of marriage (March 5, 2011), Nicholas Anthony Salmeron had $26,563 on deposit in an account at John Hancock for The Trustees of Claycomb Associates Profit Sharing/Money Purchase Plan, which is his separate property. On or about December 11, 2013, Mr. Salmeron opened the Credit Union of Texas IRA with a rollover deposit from John Hancock in the amount of $34,983. At the time the writ of garnishment was served on Credit Union of Texas, the IRA had a balance of $35,000. Therefore, only $8,494 of the funds held in the Credit Union of Texas IRA are community property earned or invested after marriage, and Salmeron's 50% share of those funds is only $4,247.

## AUTHORITIES

7. Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arose against all of Salmeron's property and rights to property, including community property. *United States v. Loftis*, 607 F.3d 173, 176-79 (5th Cir. 2010) (citing *Medaris v. United States*, 884 F.2d 832, 833-34 (5th Cir. 1989)).

8. Courts have universally held that the civil enforcement remedies of the FDCPA may be used to collect restitution within the criminal case in which the defendant was originally convicted. *See, e.g., United States v. Witham*, 648 F.3d 40, (1st Cir. 2011) ("MVRA provides the United States with independent authorization to invoke procedures under the FDCPA in order to enforce all orders of restitution in criminal cases"); *United States v. Woods*, 377 Fed. Appx. 311 (4th Cir.2010) (unpublished) (affirming orders allowing government to proceed in criminal case docket, without filing a separate civil action); *United States v. Kollintzas*, 501 F.3d 796, 800-01 (7th Cir. 2007) (district court

Agreed Motion for Final Order of Garnishment – Page 3

may entertain civil collection proceedings as postjudgment remedies within an underlying criminal case (citing *United States v. Vitek Supply Co.*, 151 F.3d 580, 585-86 (7th Cir. 1998)); and *United States v. Mays*, 430 F.3d 963 (9th Cir. 2005) (FDCPA civil enforcement remedies may be used to collect restitution under the MVRA; government need not bring a separate civil suit to obtain FDCPA remedy, but may file post-judgment enforcement action in criminal court in which defendant was originally convicted, regardless of status of supervised release).

9. The FDCPA provides that within 20 days of service, judgment debtors or interested parties may request a hearing to determine: (1) the probable validity of any claim for exemption; (2) the compliance with the statutory requirement for the issuance of the writ; or (3) certain issues that pertain to the enforcement of default judgments. *See* 28 U.S.C. § 3202(d).

10. The exclusive and limited exemptions available to criminal judgment debtors under 18 U.S.C. § 3613(a) are listed in the Clerk's Notice that Salmeron, her spouse, and the Garnishees received.

## ARGUMENT

11. The United States is entitled to 25% of each periodic payment due or owing to Salmeron's spouse from Excalibur Collision Center, Inc., plus the full liquidated value of the jointly owned regular shares account held by Credit Union of Texas, plus $4,247 from the Credit Union of Texas IRA, which represents Salmeron's substantial nonexempt interest in the funds held by the Garnishees, because Texas is a community property state in which the United States may garnish jointly owned and community property to collect

Agreed Motion for Final Order of Garnishment – Page 4

criminal restitution. *See* 18 U.S.C. § 3613(a); *United States v. DeCay*, 620 F.3d 534, 544 (5th Cir. 2010); *Loftis*, 607 F.3d at 178-179 (affirming garnishment of community property earned by spouse during marriage, including retirement funds); *Medaris v. United States*, 884 F.2d 832, 833-34 (5th Cir. 1989) (United States can garnish one-half of sole-management community property of non-debtor spouse); and *Kollintzas*, 501 F.3d at 803 (affirming garnishment of jointly owned bank account because defendant had right to withdraw all of the money at any time without joint account holder's permission, government's lien attached to the full value of the account).

12. The Clerk of the Court collects all payments on monetary penalties in criminal cases; accordingly, all payments should have 3:13-CR-236-M written on the lower left corner of the check and be submitted to:

> Clerk of the Court for the Northern District of Texas
> 1100 Commerce Street, Room 1452
> Dallas, Texas 75242

13. The United States has confirmed with Salmeron and her spouse that neither has any objection to the property held by Garnishees being liquidated and applied toward Salmeron's criminal restitution judgment debt as requested in this motion and the accompanying agreed order.

14. The hearing set for February 3, 2015 at 10:00 a.m. before Magistrate Judge Stickney may be stricken as moot.

## CONCLUSION

Wherefore, all conditions necessary for a Final Order of Garnishment against the substantial nonexempt property belonging to or due Salmeron held by the Garnishees having been met, the United States moves for entry of an Agreed Final Order of Garnishment on the pleadings without a hearing.

Respectfully submitted,

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

/s/ *Melissa A. Childs*
MELISSA A. CHILDS
Assistant United States Attorney
Illinois Bar No. 6273797
1100 Commerce Street, Third Floor
Dallas, TX 75242-1699
Telephone: 214-659-8600
melissa.childs@usdoj.gov

AGREED:

_____
NICHOLAS A. SALMERON
Spouse of Judgment Debtor

_____
JESSICA SALMERON
Defendant-Judgment Debtor