IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 3:13-CR-236-M |
| JESSICA SALMERON, | |
| Defendant, | |
| and | |
| CREDIT UNION OF TEXAS and EXCALIBUR COLLISION CENTER, INC., | |
| Garnishees. | |

## AGREED FINAL ORDER OF GARNISHMENT

This matter is before the Court for entry of an Agreed Final Order of Garnishment, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act, against the substantial nonexempt property belonging to or due Defendant-Judgment Debtor, Jessica Salmeron (Salmeron), and/or her spouse, Nicholas Anthony Salmeron. Upon the agreement of the parties, the Court finds as follows:

1.  A criminal restitution judgment was entered against Salmeron on May 28, 2014. Pursuant to 18 U.S.C. § 3613, upon entry of judgment, a lien arose against all of Salmeron's property and rights to property. As of January 26, 2015, Salmeron's outstanding balance is $58,781.41.

2. To enforce this Court's judgment, the United States sought, obtained, and served Writs of Garnishment on Credit Union of Texas and Excalibur Collision Center, Inc. (Garnishees).

3. After the Garnishees had been served, the United States served Salmeron and her spouse with the garnishment process and notified them of their rights to claim exemptions or request a hearing.

4. Garnishees answered the writs stating they had the following property belonging to or due Salmeron and/or her spouse in their possession, custody, or control:

   a. Credit Union of Texas holds two checking accounts that have already been released from restriction pursuant to the Partial Termination of Garnishment filed by the United States, plus approximately $3,393 in regular shares jointly owned by Salmeron and her spouse, and approximately $35,000 in an IRA owned by her spouse;

   b. Excalibur Collision Center, Inc. holds weekly earnings due or owing to Salmeron's spouse.

5. Salmeron and her spouse each filed a Claim for Exemption and Request for Hearing alleging the IRA at Credit Union of Texas to be Nicholas Anthony Salmeron's separate property. The parties have agreed that $26,563 in the Credit Union of Texas IRA is Nicholas Anthony Salmeron's separate property acquired before the March 5, 2011 date of marriage to the judgment debtor, only $8,494 of the funds held are community property earned or invested after marriage, and the judgment debtor's 50% share of those funds is only $4,247.

6. Pursuant to 18 U.S.C. § 3613, the United States is entitled to 25% of each periodic payment due or owing to Salmeron's spouse from Excalibur Collision Center, Inc., plus the full liquidated value of the jointly owned regular shares account held by Credit Union of Texas, and $4,247 from the Credit Union of Texas IRA, which represents Salmeron's substantial nonexempt interest in the funds held by the Garnishees.

7. Based upon the Garnishees' Answers, and the Agreed Motion of the parties, it is, therefore,

ORDERED:

A. Credit Union of Texas shall liquidate securities as needed to pay to the Clerk of the Court within 15 days from the date of this order the full liquidated value of the jointly owned regular shares account, plus $4,247 from the IRA, after which the remaining funds on deposit may be released from further restriction;

B. Excalibur Collision Center, Inc. shall pay to the Clerk of the Court 25% of the disposable earnings belonging to or due Nicholas Anthony Salmeron for each pay period since the writ was served and continuing each pay period until it no longer has possession, custody, or control of any earnings belonging to or due Nicholas Anthony Salmeron or until further order of this Court;

C. Checks bearing case number 3:13-CR-236-M shall be made payable and mailed to the Clerk of the Court, United States District Court for the Northern District of Texas, 1100 Commerce Street, Room 1452, Dallas, Texas 75242;

D.  Each Garnishee shall provide written notification to Salmeron and the United States of the dates and amounts of the property delivered to the Clerk of the Court; and

E.  The hearing set for February 3, 2015 at 10:00 a.m. before Magistrate Judge Stickney is cancelled.

**SO ORDERED.**

February 2, 2015.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS